IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

<table>
<tr><td>ZAKIRA RAHAMAN<br>1165 Swamp Rd.<br>Furlong, PA 18925</td><td>:<br>:<br>:<br>:</td><td></td></tr>
<tr><td>Plaintiff,</td><td>:<br>:<br>:</td><td>CIVIL ACTION<br><br>No.:</td></tr>
<tr><td>v.</td><td>:<br>:</td><td></td></tr>
<tr><td>OXFORD VALLEY IMPORTS, INC.<br>d/b/a Mike Piazza Honda of Langhorne<br>1908 E. Lincoln Hwy<br>Langhorne, PA 19047<br>   and<br>PIAZZA MANAGEMENT COMPANY<br>d/b/a Piazza Auto Group<br>401 S. Schuylkill Ave.<br>Norristown, PA 19403</td><td>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:</td><td>JURY TRIAL DEMANDED</td></tr>
<tr><td>Defendants.</td><td>:<br>:</td><td></td></tr>
</table>

CIVIL ACTION COMPLAINT

Plaintiff, Zakira Rahaman, by and through her undersigned counsel, hereby avers as follows:

I.      INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Oxford Valley Imports, Inc. d/b/a Mike Piazza Honda of Langhorne and Piazza Management Company d/b/a Piazza Auto Group (hereinafter collectively referred to as "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*), 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3) (the Equal Pay Act - "EPA"), and the Pennsylvania Human Relations Act ("PHRA").[1]

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. She is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff's PHRA claims however will mirror identically her federal claims under Title VII.

Plaintiff was subjected to a hostile work environment, not paid equally to her male counterparts and unlawfully terminated by Defendants, and she suffered damages more fully described/sought herein.

## II.     JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

5.      Plaintiff is proceeding herein under Title VII and has properly exhausted her administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

## III.     PARTIES

6.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7.      Plaintiff is an adult individual, with an address as set forth in the caption.

8.      Defendant Oxford Valley Imports, Inc. is a corporation that does business as Mike Piazza Honda of Langhorne – a car dealership and service center located at the above-captioned address.

9.      Piazza Management Company d/b/a Piazza Auto Group is a company that owns, operates and manages several car dealerships throughout Pennsylvania, including the car dealership and service center that Plaintiff was employed with – Defendant Oxford Valley Imports.

10.     Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common financial controls, shared advertising and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

11.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.     FACTUAL BACKGROUND

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff was employed with Defendants for approximately four (4) years.

14.     Plaintiff was initially hired by Defendants as temporary to permanent employee, wherein her primary job duty was to answer phones for Defendants.

15.     Plaintiff remained a temporary employee for approximately three (3) months until she was hired into a permanent cashier position.

16.     Plaintiff held several other positions throughout the course of her employment with Defendants, including but not limited to Appointment Coordinator and Service Advisor for the main service department. However, during the last approximate two (2) years of her employment with Defendants, Plaintiff was employed as an Express Service Advisor ("ESA").

17.     While employed with Defendants, Plaintiff was a dedicated and hard-working employee. In fact, Plaintiff had some of the highest scores as an ESA on customer surveys.

18.     In or about July of 2018, Plaintiff began being supervised by Richard (Rick) Tillotson ("Tillotson" - male), Service Manager.

19.     Upon information and belief, while Plaintiff was under the supervision of Tillotson, Plaintiff was the only female that Tillotson directly supervised.

20.     While under the supervision of Tillotson, Plaintiff was treated in a disparate and discriminatory manner because of her gender.

21.     For example, but not intending to be an exhaustive list:

    i.   Plaintiff had policies selectively enforced against her, which were not enforced with her male colleagues;

    ii.  Tillotson blamed Plaintiff for issues that he was responsible for causing;

    iii. Unlike her male counterparts, Plaintiff was treated in a very hostile manner by Tillotson, including but not limited to screaming at her, cursing at her, and humiliating her in front of other employees;

    iv.  Unlike her male co-workers, Tillotson would assign Plaintiff extra (managerial-like) duties, in addition to her duties as an ESA;

v.   On one occasion, Tillotson asked Plaintiff to show him pictures from a vacation she took in Mexico and then zoomed up on her butt and chest and said "oooo;" and

vi.   Unlike her male counterparts, Tillotson attempted to find every reason to terminate Plaintiff's employment.

22.   In addition to Tillotson's discriminatory treatment (discussed *supra*), Plaintiff experienced inequities in her pay as an ESA when compared to male employees who performed the same exact position as her.

23.   Over the last approximate year of her employment, Plaintiff expressed concerns of gender discrimination/unequal pay.

24.   Plaintiff initially expressed her concerns of gender discrimination/unequal pay with multiple members of Defendants' management and then later to Human Resources ("HR") Manager, Peg Park (closer in time to her termination); however, her concerns were not properly addressed.

25.   In fact, in response to her initial concerns about unequal pay, Plaintiff was initially ignored and told by Defendants' management that if she brings her concerns up again, she would be terminated.

26.   Plaintiff was eventually given a raise, but even despite the raise, she was still not paid equally to male ESAs and was told that she would not receive any back pay for the time period she claimed she was being paid less than her male counterparts.

27.   The aforesaid discriminatory harassment and inequities in pay asserted in Paragraphs 21-26 was also witnessed by another employee of Defendant, Carlos Orengo. *See* Certification attached here to as "Exhibit A."

28.     On or about October 18, 2019, after being subjected to extensive and pervasive gender discrimination, Plaintiff was suspended without pay and not given a date to return to work.

29.     On October 21, 2019, Plaintiff was informed that she was being terminated from her employment for two reasons (1) breaching confidentiality; and (2) leaving work without notifying her supervisor.

30.     Both reasons offered for Plaintiff's termination are completely pretextual and Plaintiff believes that she was really terminated because of her gender and/or complaints of gender discrimination/unequal pay.

**Count I**
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**([1] Gender Discrimination; [2] Hostile Work Environment; [3] Unequal Pay; [4] Retaliation)**

31.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32.     During her employment with Defendants as an ESA, Plaintiff was not paid equally to her male counterparts.

33.     In addition to not being paid equally to her male counterparts as an ESA, Plaintiff was also subjected to a discriminatory hostile work environment based on her gender (primarily by Tillotson) through disparate treatment, discriminatory comments, pretextual admonishment, and discriminatory/demeaning treatment.

34.     Plaintiff expressed concerns of gender discrimination/unequal pay in advance of her termination to multiple members of Defendants' management and to Peg Park in Defendants' HR Department; however, her concerns were never properly investigated or resolved.

35.    Instead, after being subjected to extensive gender discrimination, Plaintiff was ultimately terminated from her employment with Defendants for completely pretextual reasons.

36.    Plaintiff believes and therefore avers that she was terminated because of her gender and/or her complaints of gender discrimination/unequal pay.

37.    These actions as aforesaid constitute violations of Title VII.

## Count II
## Violation of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3) [the Equal Pay Act - "EPA]
### (Discrimination & Retaliation)

38.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39.    Plaintiff was not properly paid an equal rate to her male counterparts.

40.    Plaintiff complained to Defendants' management (and later to Defendants' HR department) on multiple occasions that she believed she was not being paid the same or similar rate as her male counterparts.

41.    Plaintiff's aforesaid complaints under the Equal Pay Act were never properly investigated or resolved.

42.    Instead, Plaintiff was retaliated against and terminated for complaining of unequal pay based upon her gender. These actions are described in detail *supra*.

43.    These actions as foresaid constitute violations of 29 U.S.C. § 206 and 29 U.S.C. § 215(a)(3).

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendants are to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.      Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.      Plaintiff is to be awarded punitive and liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation where applicable); and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Rd.
Bldg. 2, Ste. 128
Bensalem, PA 19020

Date: April 29, 2020

# Exhibit A

## CERTIFICATION OF CARLOS ORENGO

1.  My name is Carlos Orengo and I am an adult individual.  I understand that I am preparing a Certification for a legal matter and that if I knowingly make false statements, I am subject to penalties of perjury. The following statements are true and correct to the best of my knowledge, and they are based upon my personal observations and/or knowledge.

2.  I am a former employee of Oxford Valley Imports, Inc., d/b/a Mike Piazza Honda of Langhorne (*hereinafter* "MPHL").

3.  I am a male.

4.  I was employed with MPHL for a little over two (2) years.

5.  I held various titles while employed with MPHL, including Express Service Advisor ("ESA"), Regular Service Advisor ("RSA"), and Express Service Manager ("ESM").

6.  While employed with MPHL as an ESA and ESM, I worked with Zakira Rahaman (*hereinafter* "Ms. Rahaman").

7.  At all times while working in the Express Service Department at MPHL, Ms. Rahaman was the only female employee within said department.

8.  During my employment with MPHL, I observed Ms. Rahaman being treated less favorably than other male employees.

9.  For example:

    a)  It appeared as though Ms. Rahaman was being paid less than other male employees who were performing the same role (including myself). By way of specific example, I was hired by MPHL as an ESA earning $675.00 per week plus commissions. I also know of another male ESA (Alex Dileon) who was earning the same salary as me ($675.00). Despite the fact that Ms. Rahaman was performing the same role as me and Mr. Dileon (and was hired before me), she was earning approximately $100 less than me and Mr. Dileon, and upon my belief with no commission. Ms. Rahaman informed me that she requested to be paid the same as her male counterparts on several occasions but MPHL refused;

    b)  While employed in the Express Service Department at MPHL, I often times witnessed Richard Tillotson ("Mr. Tillotson") treating Ms. Rahaman in a discriminatory manner. For example, I observed him yelling at her, cursing at her, and telling her to "suck it up" and "leave [her] emotions at the door." I have never seen him act this way towards male employees;

    c)  On one occasion, while Ms. Rahaman and I were talking at work, Mr. Tillotson passed by the both of us and observed us both talking. Mr. Tillotson then specifically told Ms. Rahaman to "stop fraternizing" – even though we were both talking; and

    d)  While employed as ESM, Mr. Tillotson informed me on multiple occasions that Ms. Rahaman was "bitchy" and that we should terminate her and/or start looking for someone to replace her. I objected and told Mr. Tillotson that we could not terminate Ms. Rahaman because she was performing her job well.

10.  On one occasion, unrelated to Ms. Rahaman, I was present when a female cashier asked Mr. Tillotson for a raise because she was doing more than her job title required. In response, a male service advisor interjected into the female cashier's conversation with Mr. Tillotson and stated "bend over and [he] will give you a raise." Mr. Tillotson was present when this comment was made and said nothing in response to the male service provider.

11.  I therefore believe, based on my observations, that Ms. Rahaman was treated in a discriminatory manner because of her gender.

_____
Carlos Orengo

Dated: 4.23.20

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Zakira Rahaman

v.

Oxford Valley Imports, Inc. d/b/a Mike Piazza Honda of
Langhorne, et al.

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                 ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (X )

| | | |
|---|---|---|
| 4/29/2020 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff  to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff:  1165 Swamp Road, Furlong, PA 18925 _____

Address of Defendant:  1908 E. Lincoln Highway, Langhorne, PA 19047; 401 S. Schuylkill Avenue, Norristown, PA 19403 _____

Place of Accident, Incident or Transaction:  Defendants place of business _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year        Yes [ ]     No [X]
    previously terminated action in this court?

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit      Yes [ ]     No [X]
    pending or within one year previously  terminated action in this court?

3.  Does this case involve the validity or infringement of a patent   already in suit or any earlier       Yes [ ]     No [X]
    numbered case pending or within one year previously  terminated action of this court?

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights      Yes [ ]     No [X]
    case filed by the same individual?

I certify that, to my knowledge, the within case    [ ] **is** / [X] **is not**   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:  4/29/2020 _____     _____     ARK2484 / 91538 _____
                                  *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| *A.* | *Federal Question Cases:* | *B.* | *Diversity Jurisdiction Cases:* |
|------|---------------------------|------|---------------------------------|
| [ ] 1. | Indemnity Contract, Marine Contract, and All Other Contracts | [ ] 1. | Insurance Contract and Other Contracts |
| [ ] 2. | FELA | [ ] 2. | Airplane Personal Injury |
| [ ] 3. | Jones Act-Personal Injury | [ ] 3. | Assault, Defamation |
| [ ] 4. | Antitrust | [ ] 4. | Marine Personal Injury |
| [ ] 5. | Patent | [ ] 5. | Motor Vehicle Personal Injury |
| [ ] 6. | Labor-Management Relations | [ ] 6. | Other Personal Injury *(Please specify):* _____ |
| [X] 7. | Civil Rights | [ ] 7. | Products Liability |
| [ ] 8. | Habeas Corpus | [ ] 8. | Products Liability – Asbestos |
| [ ] 9. | Securities Act(s) Cases | [ ] 9. | All other Diversity Cases |
| [ ] 10. | Social Security Review Cases |  | *(Please specify):* _____ |
| [ ] 11. | All other Federal Question Cases |  |  |
|  | *(Please specify):* _____ |  |  |

---

**ARBITRATION CERTIFICATION**

*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I,  Ari R. Karpf _____ , counsel of record *or* pro se plaintiff, do hereby certify:

[X]   Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case
      exceed the sum of $150,000.00 exclusive of interest and costs:

[ ]   Relief other than monetary damages is sought.

DATE:  4/29/2020 _____     _____     ARK2484 / 91538 _____
                                  *Attorney-at-Law / Pro Se Plaintiff*           *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

RAHAMAN, ZAKIRA

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

OXFORD VALLEY IMPORTS, INC. D/B/A MIKE PIAZZA HONDA OF LANGHORNE, ET AL.

County of Residence of First Listed Defendant    Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| 1 U.S. Government Plaintiff | **X** 3 Federal Question *(U.S. Government Not a Party)* | |
| 2 U.S. Government Defendant | 4 Diversity *(Indicate Citizenship of Parties in Item III)* | |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | Product Liability | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | | **PERSONAL PROPERTY** | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | | 751 Family and Medical Leave Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | **X** 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | 448 Education | 540 Mandamus & Other | 462 Naturalization Application | | |
| | | 550 Civil Rights | 465 Other Immigration Actions | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

**X** 1 Original Proceeding    2 Removed from State Court    3 Remanded from Appellate Court    4 Reinstated or Reopened    5 Transferred from Another District *(specify)*    6 Multidistrict Litigation - Transfer    8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); 29USC206; 29USC215(a)(3)

Brief description of cause:
Violations of the Title VII, 29USC206, 29USC215(a)(3) and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.    **DEMAND $**    CHECK YES only if demanded in complaint:
JURY DEMAND:    **X** Yes    No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    4/29/2020    SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

Print    Save As...    Reset